## William J. Moore v. Merchants Loan and Trust Co.

1. PLEADING—*After Issues are Made Up.*—Where the issues have been made up, and the time at which a defendant was required to plead has passed, such defendant should obtain leave of court before filing an additional plea.

2. VERDICTS—*Will Not Be Disturbed when Warranted by the Evidence.*—The court holds that there was evidence which warranted the jury in finding as it did in this case, and that there is no sufficient reason for reversing its finding upon the questions of fact.

3. SAME—*Power of Court to Order Correction of.*—A verdict for the face of a note and interest is the same in effect as a verdict for the amount due on such note, and it is not error to direct the jury to withdraw and make the verdict formally correct, even after they have been allowed to separate.

**Assumpsit,** against the guarantors of a promissory note. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

### STATEMENT OF THE CASE.

This was a suit brought by the appellee Merchants Loan and Trust Company, against the appellant William J. Moore, surviving partner of the firm of Moore Brothers, upon an alleged guaranty of a promissory note executed by Potomac Apartment Company, a duly organized corporation. Said promissory note was executed by said Potomac

Apartment Company and delivered to New Era Gas Fuel Appliance Company, to whom it was payable.  The note, at the time of its execution and delivery, had indorsed upon it the words " Moore Brothers," this indorsement being made by James E. Moore, since deceased, who was at that time president of the Potomac Apartment Company and one of the copartners in the firm of Moore Brothers.  The note was discounted by appellee before maturity, the proceeds of said discount being placed to the credit of New Era Gas Fuel Appliance Company, and subsequently checked out by it.

The defendants, James E. Moore and William J. Moore, appeared on September 16, 1893, and filed five pleas to the plaintiff's declaration, of which the first plea was the general issue, and the other four were special.

The second and third pleas were pleas alleging failure of consideration, and a demurrer to them was sustained. The fourth and fifth pleas set up that the note and guaranty were given by the Potomac Apartment Company to the New Era Gas Fuel Appliance Company, and that the consideration upon which the note was given had failed, and that the plaintiff company was not a *bona fide* holder for value.

Upon issue being joined upon the first, fourth and fifth pleas the case was tried in October, 1894, and resulted in a verdict for the plaintiff for the sum of eight hundred and seventy-six dollars and thirty-eight cents ($876.38).

A new trial was granted, and before the case again came on for a hearing, James E. Moore, the senior partner of Moore Bros., died, and the cause was ordered to proceed against the other defendant, William J. Moore, as surviving partner.

It appears from the record that on October 20, 1896, the day before the case came on for trial the second time, Messrs. Beach & Beach (who had previously, on the 3d day of September, 1895, filed a second appearance for the defendants without obtaining any withdrawal of the appearance filed by Messrs. Olds & Griffin, who were the original

attorneys for the defendants,) filed in the clerk's office a verified plea by the defendant William J. Moore, denying the execution of the guaranty sued on, verified by William J. Moore.

This plea on the part of William J. Moore, filed in the clerk's office a day before the second trial, was apparently filed without leave of court after the issues had been made up for more than a year, and after the case had been once tried upon the issues so joined.

The second trial resulted in a verdict against the appellant, as follows: "We, the jury, find the issues for the plaintiff, and assess plaintiff's damages at the sum of the face of the note ($799.56) seven hundred and ninety-nine and 56-100 dollars, with interest at six per cent per annum to date." The verdict was signed by the jury, sealed and delivered to the bailiff in charge on October 20, 1896, after which the jury was allowed to and did separate. The verdict was opened and read upon the convening of court October 21, 1896; the jury were then ordered by the court to retire and correct said verdict. This was objected to by counsel for defendant, because the jury had separated; the objection was overruled by the court and exception taken by the defendant. The jury thereupon retired and presently returned and reported to the court the following: "We, the jury, find the issues for the plaintiff, and assess plaintiff's damages at the sum of nine hundred seventy-three and twenty-eight one-hundredths dollars ($973.28)," signed by all the jury. Upon which verdict the court entered judgment for the sum of $973.28.

BEACH & BEACH, attorneys for appellant.

RICH & STONE, attorneys for appellee.

It is well settled by numerous decisions, both of this court and of the Supreme Court that in cases of this kind, where the verdict is informal, the court may either put it in form himself in the presence and with the assent of the jury

(Clapp v. Martin, 33 Ill. App. 438; Wells v. Ipperson, 48 Ill. App. 580), or he may direct the jury to retire and reform the verdict themselves, as was done in this case.   Cleveland, C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474; Smith v. Williams, 22 Ill. 357; Bissell v. Ryan, 23 Ill. 566.

Mr. Justice Waterman delivered the opinion of the Court.

The issues having been made up and the time at which the defendants were required to plead having passed, appellant should have asked leave to file an additional plea; the case, however, was tried as if such leave had been given, and we so treat it.

We see no sufficient reason for reversing the findings of the jury upon the questions of fact.

There was evidence which warranted the jury in finding as it did.

The verdict first rendered by the jury was in effect the same as the second, and the court did not err in directing the jury to withdraw and make the verdict formally correct.

There was evidence from which it might have been found that Moore Brothers were interested in the erection and equipment of the Potomac Apartment Building at the time of the execution of the note upon which their guaranty appears.

We find no error in the record requiring a reversal of the judgment of the Circuit Court, and it is affirmed.